JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09766 RGK (ASx)** | Date | February 8, 2016 |
|---|---|---|---|
| Title | *Leonel Alvarado v. King Meat, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand Case to Los Angeles County Superior Court (DE: 8)

### I. INTRODUCTION

On June 2, 2015 Leonel Alvarado ("Plaintiff") filed a First Amended Complaint ("FAC") on behalf of his class against King Meat, Inc. ("Defendant") in connection with certain wage and hour violations. The FAC alleges claims for (1) Failure to Pay Wages and/or Overtime Under Labor Code §§ 510, 1194, and 1199; (2) Violation of Labor Code § 226(a); (3) Penalties Pursuant to Labor Code § 203; (4) Violation of Business & Professions Code § 17200; and (5) Violation of Labor Code §2699.

On December 18, 2015, Defendant removed the action to Federal Court, asserting that the FAC arises under and is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), establishing federal question jurisdiction.

Presently before the Court is Plaintiff's Motion to Remand ("Motion") the case to Los Angeles County Superior Court. For the following reasons, the motion is **GRANTED**.

### II. FACTUAL BACKGROUND

The following facts are taken from the Motion as well as the Opposition to the Motion:

Defendant is a meat product processing company that was located in Vernon, California. (Def.'s Opp'n Mot. To Remand 2: 5-6, ECF No. 12.) Defendant employed Plaintiff as an hourly worker. (*Id.* at 7.) During his employment with Defendant, Plaintiff was required to be a union member of the Teamsters Local Union No. 572, affiliated with the International Brotherhood of Teamsters. (*Id.* at 8-10.) At all times during his employment, Plaintiff's working conditions were governed by the Collective Bargaining Agreement between King Meat, Inc. and the Teamsters Local Union No. 572 (the "CBA"),

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 15-09766 RGK (ASx)** | Date | February 8, 2016 |
|---|---|---|---|
| Title | ***Leonel Alvarado v. King Meat, Inc. et al*** | | |

which included terms establishing the wages, and hours of work of Plaintiff's employment. (*Id.* at 10-15.)

On June 2, 2015, Plaintiff filed his FAC in Los Angeles County Superior Court, alleging exclusively state claims. (Pl.'s Mot. To Remand 1: 26-27, ECF No. 8.) On August 31, 2015, the parties filed a joint case management statement. (Pl.'s Mot. To Remand Ex. D, ECF No. 8.) In the statement, the Defendant mentioned the CBA approximately nine times. (Pl.'s Mot. To Remand 2: 5-7, ECF No. 8.) Specifically, Defendant mentioned that the "varying Collective Bargaining Agreement... applied during the alleged class period" and indicated that the "existence of the CBAs" was a "defense [] that Defendant intends to assert." (*Id.*) Additionally, Defendant wrote, "Plaintiff may have been subject to an arbitration and/or grievance procedure as set forth in the applicable Collective Bargaining Agreement." (*Id*.)

On November 5, 2015, Defendant sent Plaintiff a letter enclosing copies of the CBA. (Pl.'s Mot. To Remand 2:11-12, ECF No. 8.) In the letter, Defendant argued that the overtime is exclusively governed by the CBA, and that Plaintiff's claims are barred by the CBA. *Id*. at 15-16.

On November 6, 2015, Plaintiff responded to Defendant's November 5, 2015, letter, arguing that the Plaintiff was not compensated at a high enough rate for him to become exempt from the California Labor Code's overtime requirements and for the CBA to exclusively govern his rights to statutory overtime compensation. (Pl.'s Mot. To Remand 2:24-27, ECF No. 8.) The parties continued to email about whether the CBA or California law governed Plaintiff's overtime claim, including an exchange of emails on December 10, 2015. Defendant argues that the December 10, 2015 email is what first put it on notice that Plaintiff's claims implicate a CBA and give rise to jurisdiction under section 301 of the LMRA. (Pl.'s Mot. To Remand 3:4-6, ECF No. 8.)

### III.   JUDICIAL STANDARD

The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). A case presents a "federal question" if a claim " 'aris[es] under the Constitution, laws, or treaties of the United States.'" Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1371 (9th Cir.1987) (quoting 28 U.S.C. § 1331). Only state court actions that could originally have been filed in federal court may be removed. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim."Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, where plaintiff can state claims under both federal and state law, she can prevent removal by ignoring the federal claim and alleging only state law claims. Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir.1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-09766 RGK (ASx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | *Leonel Alvarado v. King Meat, Inc. et al* | | |

There is an exception to the "well pleaded complaint" rule, however. Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F. Supp. 3d 932, 950 (C.D. Cal. 2014). Under the "artful pleading" doctrine, a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action. *Id.* If the claim arises under federal law, the federal court will recharacterize it and uphold removal. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 n. 2,(1981). The "artful pleading" doctrine applies to state claims that are completely preempted by federal law. ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana, 213 F.3d 1108, 1114 (9th Cir.2000).

### IV.     DISCUSSION

Plaintiff moves to remand the case back to Los Angeles County Superior Court. Plaintiff argues that: (1) Section 301 of the LMRA does not preempt his first cause of action; and (2) Removal was untimely. As explained below, the court **GRANTS** Plaintiff's motion.

#### A.     Legal Standard Governing § 301 LMRA Preemption

Section 301(a) of the LMRA gives federal courts exclusive jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 23 (1983). "The preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Id.*

Despite the broad preemptive effect of § 301, a claim that seeks to vindicate "nonnegotiable state-law rights ... independent of any right established by contract" is not within its scope. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11 (1985). Nor can a defendant invoke preemption merely by alleging a "hypothetical connection between the claim and the terms of the CBA," or a "creative linkage" between the subject matter of the suit and the wording of the CBA. *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). For preemption to apply, "the proffered interpretation argument must reach a reasonable level of credibility." *Id.* at 692. A preemption argument is not credible "simply because the court may have to consult the CBA to evaluate [a plaintiff's claim]." *Id*. Similarly, "'look[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." *Id.*

The Ninth Circuit has articulated a two-part test to determine whether a cause of action is preempted by the LMRA. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir.2007). First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09766 RGK (ASx)** | Date | February 8, 2016 |
|---|---|---|---|
| Title | ***Leonel Alvarado v. King Meat, Inc. et al*** | | |

claim is preempted, and analysis ends." *Id.* at 1059-60. If however, the "right exists independently of the CBA, [the court] must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.' If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." *Id*.

### B. California Labor Codes §§ 510, and 514

In order to thoroughly assess the claim, the Court first discusses the Labor Codes at issue.

Plaintiff alleges that Defendant violated several California Labor Codes, including Labor Code § 510. Labor Code § 510 affords California citizens the right to overtime if they have worked over eight hours in one day, or forty hours in a week. The section reads:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

As Defendant notes, there are certain exemptions to Labor Code § 510, and the right to overtime. Specifically, Defendant alleges that the exemption stated in Labor Code § 514 should apply. Labor Code § 514 exempts certain employees who agreed to a CBA. Labor Code § 514 reads:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

The parties dispute whether Labor Code § 514 bars Plaintiff's overtime claim . Defendant argues that § 514 applies, barring Plaintiff's claim for overtime pay. As a result, Defendant argues that in order to resolve the issue of overtime, the court will have to refer to and interpret the CBA. In other words, Defendant is arguing that this claim is really a breach of contract claim, disguised as a wage and hour claim, in order to avoid preemption.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09766 RGK (ASx)** | Date | February 8, 2016 |
|---|---|---|---|
| Title | ***Leonel Alvarado v. King Meat, Inc. et al*** | | |

Plaintiff argues that Labor Code § 514 should not apply, because Plaintiff's hourly pay is not greater than 30 percent of the state minimum wage. In addition, Plaintiff argues that whether or not § 514 applies is irrelevant to the issue of preemption, because the analysis will depend on interpreting the Labor Code, and not the CBA. As discussed below, the Court agrees with Plaintiff.

### C. **Plaintiff's first cause of action for failure to provide overtime pay in violation of California Labor Code §§ 510, 1194, and 1199 is not preempted**

The claim rests on allegations that Defendant had a policy of failing to pay the proper overtime rate, specifically when Plaintiff earned a bonus. Defendant argues that California Labor Code § 510 does not apply because it satisfies the statutory exemption set forth in California Labor Code § 514. Further, Defendant argues that to determine whether proper bonus pay was given, the Court must refer to the CBA and interpret certain language pertaining to "bonus rates," and the method in which they are calculated. Defendant's argument, however, does not give rise to preemption under § 301 of the LMRA.

First, whether or not § 514 exemption applies does not alter the substance of Plaintiff's claim. As Plaintiff concedes, if the exemption does apply, that means that the Plaintiff cannot invoke a claim under the statute. However, the resolution of this conflict does not substantially depend on analysis of the CBA. Rather, it depends on the application of relevant state law. Labor code § 514 states:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Plaintiff argues that he was paid an hourly rate less than 30 percent of the state minimum wage, and is thus exempt from § 514. The claim will then rest on the interpretation of § 514, its application, and the evidence - specifically, Plaintiff's pay stubs. Thus, either § 514 will apply, and the Plaintiff's claim is barred, or in the alternative, § 514 will not apply, and the case will rest on the evidence. Either way, the interpretation of the CBA is not required.

Second, asserting the CBA as a defense against an independent state law claim is not enough to trigger § 301 preemption. *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 690 (9th Cir. 2001). Neither is the mere need to reference the CBA in assessing the Plaintiff's claim. *Humble v. Boeing Co.*, 305 F.3d 1004, 1010 (9th Cir. 2002).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09766 RGK (ASx)** | Date | February 8, 2016 |
|---|---|---|---|
| Title | *Leonel Alvarado v. King Meat, Inc. et al* | | |

Several other courts in this district have rejected the same argument that an overtime claim arises under the CBA, rather than state law, when the defendant asserts an affirmative defense under § 514. *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014); *Placencia v. Amcor Packaging Distribution, Inc.*, No. SACV 14–0379 AG (JPRx), 2014 WL 2445957, *2 (C.D.Cal. May 12, 2014); *Bart v. Parkview Community Hospital Medical Center*, No. EDCV 14–01614 JGB (DTBx) (C.D.Cal. Sept. 18, 2014).

Further, this case is analogous to *Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003), where the issue presented before the Ninth Circuit was whether an unpaid overtime claim was preempted. In *Gregory*, the plaintiff alleged violations under California Labor Code § 510, and § 1194. *Id.* at 1053. Despite the fact that the overtime provisions were stated in the CBA, the court held that the claim was not preempted. *Id*. Specifically, the Ninth Circuit held "[w]hile overtime is calculated in accordance with the terms of the CBA, this case involves no issue concerning the method of calculation. The issue here is not how overtime rates are calculated but whether the result of the calculation complies with California law." *Id.*

### D. <u>Defendant's removal is also untimely</u>

Plaintiff filed his first amended complaint on June 2, 2015. (Pl.'s Mot. To Remand 1: 26-27, ECF No. 8.) Defendant removed the case, approximately six months later, on December 18, 2015. (Def.'s Opp's. Mot. To Remand 4:13.) The time requirements for filing a petition for removal are stated in 28 U.S.C § 1446(b), which provides for two separate thirty-day requirements:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Defendant argues that removal could not be ascertained through the initial pleading, thus the second paragraph of 1446(b) should apply. Specifically, the thirty-day time requirement should begin after receipt of " [an] other paper from which it may be first ascertained" that the case "is or has become

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 15-09766 RGK (ASx)** | Date | February 8, 2016 |
|---|---|---|---|
| Title | ***Leonel Alvarado v. King Meat, Inc. et al*** | | |

removable." 28 U.S.C § 1446(b). As such, Defendant argues that the "other paper" was the December email sent by Plaintiff. This argument is flawed for the following reasons:

First, on August 31, 2015, the parties issued a joint case management statement ("August statement"). In the August statement, Defendant explicitly states his intention to use the CBA as a defense. As a matter of fact, Defendant mentions the CBA approximately nine times. Several courts in our district have considered joint case management statements as "other paper[s]" in reference to the second thirty day removal requirement. *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Industrial & Service Workers Intern. Union v. ConocoPhillips Co.*, CV 09-5501 PSGFFMX, 2009 WL 3735408, at *4 (C.D. Cal., Nov. 4, 2009); *Almazni v. United Financial Cas. Co.*,5:14-CV-00975-CAS, 2014 WL 2984996, at *2 (C.D. Cal., June 30, 2014); *Olonzo v. Wells Fargo Bank*, N.A., CV 09-6611 PSG RCX, 2010 WL 330245, at *3 (C.D. Cal., Jan. 21, 2010). Additionally, the Defendant sent Plaintiff a letter on November 5, 2015 ("November letter"), again, expressing their belief that the CBA preempts Plaintiff's claims. Thus, if Defendant's theory is correct, and the initial pleading did not render the case removable, the thirty-day requirement should have began from either the August statement, or the November letter.

Second, in order for the Defendant's argument to bear merit, there must have been new information revealed in the December 10, 2015, email ("December email") sent by the Plaintiff, that was not present in either of the two previous papers. More specifically, the December email must have been the first paper to give rise to notice that the claim may have been preempted by the CBA. However, the December email, did not contain any new information. Rather, the substance of the December email pertained to the interpretation of California Labor Code § 514, not the interpretation of the CBA agreement as Defendant alleges. The only sentence in the December email that refers to the CBA, states: "[l]ikewise on the arbitration issue, I think we have a strong position." (Pl's. Mot. To Remand Ex. F, ECF No. 8.) The only information gained from that sentence is the Plaintiff's opinion of his strength to prevail on the claim. There in no plausible theory to suggest this would provide new information rendering the claim removable.

Third, if Defendant's preemption theory is correct, then the initial pleading should have put them on notice that the case may be removed, thus starting the thirty-day requirement from the time of the initial pleading. Defendant cannot have it "both ways," and argue Plaintiff's first cause of action is in fact a breach of the CBA agreement, but not comply with the thirty-day removal period. *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1255 (9th Cir. 1989). In *Cantrell*, the Ninth Circuit was presented with the issue of whether a claim that was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") was timely removed. *Id.* In that case, the Plaintiff never alleged any causes of action under ERISA, or indicated that her insurance policy was an ERISA plan. *Id.* However, there was evidence that had definitively shown the defendant was aware that the policy fell under ERISA. *Id.* Therefore, the court noted that in the "absence of evidence that shows [defendants] were

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-09766 RGK (ASx)** | Date | February 8, 2016 |
|---|---|---|---|
| Title | *Leonel Alvarado v. King Meat, Inc. et al* | | |

ignorant" that the policy fell under ERISA, it would not be fair for the defendants to "have it both ways," and permit removal of the case without compliance with the thirty-day requirement. *Id.*

Essentially, the Defense purports to hold the CBA as ransom, in order to hang the possibility of removal over the Plaintiff's head, despite them not only having possession of the CBA, but explicitly stating that the claim is preempted. Defendant should be wary of attempting to manipulate the law to support such an irrational conclusion.

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to remand.

**IT IS SO ORDERED.**

<u>          </u> : <u>          </u>

Initials of Preparer